UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20628-CR-GRAHAM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARLOS RODRIGUEZ,            **REPORT AND RECOMMENDATION**

        Defendant.
_____/

On or about July 6, 2011, court-appointed defense counsel Scott W. Sakin ("Counsel") submitted a voucher application numbered FLS 10 2311 with appended time sheets requesting $72,451.12 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied detailed time sheets and a letter of explanation dated July 6, 2011 (the "Letter of Explanation") in support of his voucher application. Counsel represented commenced representing Defendant Carlos Rodriguez ("Defendant") on July 28, 2009.

Defendant was tried twice in this case. The first trial took place from February 16, 2010 to April 7, 2010. That trial lasted thirty-four (34) days. That trial ended in a mistrial for Defendant. Counsel was already compensated for that work in a previous order of this Court. **[See DE # 940 & 950]**.

Defendant was retried and counsel now seeks compensation for time spent in this matter related to the second trial - the time period April 8, 2010 through December 2, 2010. Counsel seeks $72,451.12 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham  entered an Order of

Reference **[DE # 1260]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering the CJA and Related Statutes

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991).  In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred."  The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001).  In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation.  18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation. *Id.*

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case.  *See* Section §230.23.40(b) of the Guidelines.  A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, if the amount of compensation sought exceeds the statutory maximum, I must first find that the representation was either complex or extended.  As I earlier concluded in my first Report and Recommendation in this matter, this case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case.  This case commenced when the grand jury issued an Indictment **[DE # 3]** naming Defendant and eighteen (18) co-defendants.

The original Indictment contained twenty (20) counts.  The government alleged that Defendant and the codefendants were involved in a mortgage fraud conspiracy scheme to recruit straw buyers to purchase residential properties.  The purpose of the scheme was to obtain money from various banks and lending institutions to finance the purchase of the properties through materially false representations and fraudulent pretenses concerning the true purchasers of the homes.

-3-

The scheme required the straw buyers to pose as home buyers when, in fact, the straw buyers were not to be either the true owners of the homes or responsible for making the monthly mortgage payments. Rather, other unnamed third persons were to be the true owners of the properties. In the scheme, the straw buyers would purchase the homes at highly inflated prices by obtaining mortgages on the properties. The true owners of the properties would fail to make payments on the mortgages and default on the loans. The various banks and lending institutions would be forced to foreclose on the properties, suffering large losses.

Originally, Defendant faced seven (7) counts: Count I (conspiracy to commit mail and wire fraud), Counts VIII and XVI - XX (wire fraud). In the Superseding Indictment, the government again charged Defendant with seven (7) counts: Count I (conspiracy to commit mail and wire fraud) and Counts XII - XVII (wire fraud). Defendant faced a maximum sentence of twenty (20) years imprisonment for each of the counts alleged in the Superseding Indictment.

Second, this case was extremely document intensive. "The case involved well over 50,000 documents, some furnished by banks, lenders, mortgage companies, individuals buyers and sellers. Due to the fact that there were different sets of documents in the possession of different lenders, some were duplicates, some forgeries, the document preparation review was lengthy and difficult. There were at least ten primary lenders and close to ten secondary institutions which have purchased the loans from the primary lenders." ( Letter of Explanation at 2). The sheer volume of documents which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, the representation of Defendant required Counsel to attend a number of hearings and status conferences in this case. Plaintiff made appearances at an arraignment proceeding (7/13/10), a pretrial hearing (10/20/10) and a jury selection conference (10/12/10). Counsel argued at these hearings in addition to appearing at two status conferences (7/14/10 and 9/8/10).

Fourth, this case was more complex than the average case because Defendant entered a plea of not guilty and proceeded to trial. "This trial took five weeks. The trial began October 25, 2010. The trial was concluded December 2, 2010." (Letter of Explanation at 2). The second "trial resulted in [Defendant] being found not guilty of all charges." (Letter of Explanation at 1).

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 150.7 in-court hours totaling $18,837.50. The CJA administrator made no change to either the number of in-court hours claimed by Counsel or the total amount sought.

The CJA administrator also reviewed the $53,237.50 Counsel billed for out-of-court hours.  Counsel sought compensation for 90.2 hours for "Interviews and conferences" and 94.7 hours for "Obtaining and reviewing records".  Counsel also sought compensation for 31.6 hours for "Legal research and brief writing", 25.9 hours for "Travel time" and 183.5 hours for "Investigative and Other work."

The CJA administrator made one change to the out-of-court hours listed in the voucher.  The CJA administrator slightly decreased the number of hours for "Travel time" from 25.9 hours to 24.5 hours.

The CJA administrator also adjusted the amount of "Travel Expenses" sought by Counsel.  Counsel sought $231.75 in "Travel Expenses" from the Court; the CJA administrator decreased this amount to $217.50.  Counsel further sought $144.37 in "Other Expenses."  The CJA administrator made no change to the amount of "Other Expenses" listed by Counsel in the voucher. After making the two adjustments described above, the CJA administrator concluded that the total amount sought by Counsel decreased to $72,261.87 from $72,451.12.

### In-Court Hours[1]

Counsel sought a total of $18,837.50 for 150.7 in-court hours.  The CJA administrator made no correction to this calculation.  I approve this amount as reasonable.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

### Out-of-Court Hours

In the voucher, Counsel sought $53,237.50 for 425.9 out-of-court hours. The CJA administrator reviewed the voucher and slightly decreased these figures to $53,062.50 and 424.5 hours.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. I recommend that these entries be reduced:

| 11/3/10 | Conference with co-defendants' attorneys | 1.8 hours [reduce to 0.2 hours] |
| 11/16/10 | Conference with Mayra Rodriguez | 0.8 hours [reduce to 0.2 hours] |

These two entries are not sufficiently detailed to justify compensation in the amount requested by Counsel. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") is instructive in this regard. The form provides that"[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to each conference listed above, Counsel failed to explain the reason for the duration of the conferences in excess of 0.10 hours.

Accordingly, I recommend that these entries should be reduced by a total of 2.2 hours, compensating Counsel for 0.2 hours for each entry. This results in a total reduction of $275.00.

Counsel also included one other problematic entry. Counsel included an entry for time spent preparing for and drafting a simple motion that appears excessive. On April 30,

-7-

2010, Counsel billed 0.8 hours of time for writing a simple two (2) page "motion to modify conditions of pretrial release." I recommend that this entry be reduced to 0.4 hours for a total reduction of $50.00.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $ 52,737.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $ 52,737.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel sought $231.75 in "Travel Expenses."   The CJA administrator decreased the amount of "Travel Expenses" to $217.50. I approve the CJA administrator's correction and approve the amount of $217.50.

Counsel also sought $144.37 in "Other Expenses." The CJA administrator did not change the amount sought. I hereby approve this amount.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the July 6, 2011 Letter of Explanation, the docket and filings in this case, I RECOMMEND that Counsel be paid $71,936.87 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this _29ˢᵗ_ day of August, 2011.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

     Scott W. Sakin, Esq.
     Lucy Lara, CJA administrator